**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| St. Jude Medical, Inc.,<br>        Plaintiff,<br>vs.<br><br>Muddy Waters Consulting LLC, Muddy<br>Waters Capital LLC, Carson C. Block,<br>MedSec Holdings Ltd., MedSec LLC,<br>Justine Bone and Dr. Hemal M. Nayak,<br>        Defendants. | Case No. 0:16-cv-03002 (DWF/JSM)<br><br>DEFENDANTS' ANSWER AND<br>DEFENSES |

Defendants Muddy Waters Consulting LLC,[1] Muddy Waters Capital LLC, Carson C.

Block (collectively, "Muddy Waters"), MedSec Holdings Ltd., MedSec LLC, Justine Bone

(collectively, "MedSec"), and Dr. Hemal M. Nayak answer Plaintiff's Complaint as follows:

## INTRODUCTION AND OVERVIEW OF COMPLAINT AND ANSWER

This case presents fundamental issues of First Amendment freedoms.  By filing the

Complaint, Plaintiff seeks to punish and prevent vital discussions about significant risks to the

lives and health of ordinary Americans.  The health warnings at issue in this case involve truthful

communications about matters of the highest public interest and concern.

As the Complaint alleges, Muddy Waters largely manages hedge funds through a short-

seller driven investment strategy.  Complaint ¶ 5 [Dkt. 1].  More importantly, as this Answer

discusses, Muddy Waters identifies and sells short securities of companies that are engaged in,

among other things, unsafe business practices.  Answer, *infra* ¶ 5.  Muddy Waters' research,

which it provides for free, has helped regulators with at least nine investigations of public

companies, resulting in four de-listings from national stock exchanges, recovery of tens of

millions of dollars in fines from public companies, and more than $100 million in payment to

investors.  *Id.*  In 2012, Muddy Waters received the Financial Times' "Boldness in Business

---

[1] No entity named "Muddy Waters Consulting LLC" exists.

Award," and in 2011, Bloomberg BusinessWeek named Defendant Block "One of the 50 Most Influential in Global Finance." *Id.*

In August 2016, Muddy Waters tackled the issue of cybersecurity—to which it believes American companies have paid too little attention, despite routine reports of cyberwarfare and data security breaches. Answer, *infra* ¶ 44. Muddy Waters published the two reports at the heart of this lawsuit based on research conducted by Defendant MedSec, which revealed security vulnerabilities in certain implantable cardiac devices, home remote transmitters (called the "Merlin@home"), and physician programmers that Plaintiff manufactures. Complaint ¶¶ 45, 52. As a result of this research, Defendant Dr. Nayak, a University of Chicago cardiac electrophysiologist and MedSec board member, advised his patients to disable their Merlin@homes for their safety. *Id.* ¶ 49.

In response, Plaintiff filed this lawsuit, alleging Defendants conspired to defame it. Complaint ¶¶ 114-17. In fact, the reports conveyed and provided credible bases for Defendants' opinions that certain of Plaintiff's devices lack sufficient cybersecurity protections. After Plaintiff filed its lawsuit, security consulting firm Bishop Fox, which put together a team of outside, well-recognized cybersecurity experts, opined the devices Defendants tested have "serious security vulnerabilities." Answer, *infra* ¶ 61. *See* Exhibit A ¶ 10 (copy of report).[2] Bishop Fox concluded hackers can seize control of the Merlin@home devices and use them to change therapeutic settings on patients' devices, a finding that directly contradicts Plaintiff's allegations that "changes to therapeutic parameter settings on patients' devices require use of the in-clinic programming device" and can be made "only by… the patient's physician." Complaint ¶ 42. Answer, *infra* ¶ 42. Bishop Fox also concluded the Merlin@homes can be manipulated to deliver a T-wave shock to a patient (a shock that induces cardiac arrest), stop providing any

---

[2] Although a full copy of the report is attached to this Answer, portions of the report have been redacted to protect patient safety. Defendants continue to hope Plaintiff will take steps to remediate the security deficiencies in its devices, but they will disclose the remainder of the report if and when they determine it is necessary to defend themselves.

therapy at all, rapidly deplete implanted device batteries, and disable certain communication functionalities.  Answer, *infra* ¶ 65.

Plaintiff suggests Defendants are willing to risk patient safety for profits.  Complaint ¶ 50.  Yet Plaintiff this month admitted it was aware as early as 2014 that about 350,000 of its devices may have defects that cause rapid battery depletion—even death, in two cases—but waited until October 11, 2016, to inform patients and physicians.  Answer, *infra* ¶ 86(j).  In that disclosure, Plaintiff also admitted that alerts designed to notify patients and physicians of a low battery are not a failsafe—even though the Complaint points to the alert to support Plaintiff's claim there is "no credible threat" a device will not work if a hacker depletes its battery. Complaint ¶ 86(j).  Answer, *infra* ¶ 86(j).

As this Answer explains, Plaintiff's lawsuit lacks merit, and the devices at issue have significant security vulnerabilities.  Defendants' opinions were well-founded, addressed issues of significant public interest and concern, and were protected and privileged by the First Amendment.

## ANSWER TO COMPLAINT ALLEGATIONS

Defendants deny the allegations in the Complaint except as specifically admitted, qualified, or explained below.

## COMPLAINT

The allegations in the introductory paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the introductory paragraph.

## NATURE OF THE ACTION

1.      Defendants deny the allegations in paragraph 1.

2.      Defendants deny the allegations in paragraph 2.

3.      Answering the allegations in the first sentence of paragraph 3, Defendants deny that the sentence fully and accurately characterizes or quotes the Muddy Waters report published

DWT 30446348v9 0105407-000002

August 25, 2016 ("Muddy Waters Report") and on that basis, deny those allegations. Defendants otherwise deny the allegations in the first sentence of paragraph 3.  Answering the allegations in the second sentence of paragraph 3, Defendants admit that funds managed by Muddy Waters Capital LLC sold short Plaintiff's stock, but otherwise deny the allegations in the second sentence of paragraph 3.  Defendants deny the remaining allegations in paragraph 3.

## PARTIES

### St. Jude

4.      Answering the allegations in paragraph 4, Defendants admit that Plaintiff St. Jude Medical, Inc. ("St. Jude") is a medical device company that manufactures cardiac rhythm management ("CRM") medical devices.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 4 and on that basis deny them.

### Muddy Waters

5.      Muddy Waters admits it largely manages hedge funds through a short-seller driven investment strategy, and further responds that Muddy Waters Capital LLC identifies and sells short securities of companies engaged in, among other things, unsafe business practices. Defendants further respond that Muddy Waters' research, which it provides for free, has helped regulators with at least nine investigations of public companies, resulting in four de-listings from national stock exchanges, recovery of tens of millions of dollars in fines from public companies, and more than $100 million in payment to investors; in 2012, Muddy Waters received the Financial Times' "Boldness in Business Award," and in 2011, Bloomberg BusinessWeek named Defendant Block "One of the 50 Most Influential in Global Finance."  Answering the allegations in the second sentence of paragraph 5, Muddy Waters admits Muddy Waters Capital LLC has offices in California but otherwise denies the allegations in this sentence.  The remaining defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 5 and on that basis deny them.  Except as so stated in this response, Defendants deny the allegations in paragraph 5.

4

6.      Muddy Waters denies the allegations in paragraph 6.  The remaining defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 6 and on that basis deny them.

### Block

7.      Mr. Block admits he founded and is the director of research for Muddy Waters Capital LLC and Muddy Waters, LLC, and that he lives in California.  The remaining defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 7 and on that basis deny them.

### MedSec

8.      MedSec denies the allegations in paragraph 8.  The remaining defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 8 and on that basis deny them.

9.      MedSec admits MedSec LLC is owned by the same group as MedSec Holdings Ltd. and denies the remaining allegations in paragraph 9.  The remaining defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 9 and on that basis deny them.

### Bone

10.     MedSec admits the allegations in paragraph 10.  The remaining defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 10 and on that basis deny them.

### Dr. Nayak

11.     Defendants admit the allegations in paragraph 11.

12.     Defendants deny the allegations in paragraph 12.

DWT 30446348v9 0105407-000002

## JURISDICTION

13.     The allegations in paragraph 13 are legal conclusions to which no response is required.  To the extent a response is required, Defendants do not deny Plaintiff purports to bring the claims identified in paragraph 13, deny such claims have merit and on that basis deny the allegations.

14.     The allegations in paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, Defendants do not deny this Court has subject matter jurisdiction over this dispute.

15.     The allegations in paragraph 15 are legal conclusions to which no response is required.  To the extent a response is required, Defendants do not deny this Court has supplemental jurisdiction over Plaintiff's state-law claims.

## VENUE

16.     The allegations in paragraph 16 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 16.

17.     The allegations in paragraph 17 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 17.

## BACKGROUND

### *St. Jude's Devices*

18.     Answering the first sentence of paragraph 18, Defendants admit that CRM Devices, including pacemakers and defibrillators, save and improve lives.  Dr. Nayak admits the allegations in the second sentence of paragraph 18.  The remaining defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 18 and on that basis deny them.  All defendants otherwise deny any remaining allegations in paragraph 18.

19.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 19 and on that basis deny them.

6

20.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 20 and on that basis deny them.

21.     Dr. Nayak admits the allegations in paragraph 21.  The remaining defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 21 and on that basis deny them.

22.     Answering the allegations in paragraph 22, Defendants admit that Plaintiff manufactures and sells medical devices for heart patients, including CRM Devices, implantable cardioverter defibrillators ("ICDs"), cardiac resynchronization therapy devices ("CRTs"), and remote monitoring devices for pacemakers, ICDs, and CRTs.  Defendants otherwise lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 22 and on that basis deny them.

23.     Dr. Nayak admits the allegations in paragraph 23.  The remaining defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 23 and on that basis deny them.

24.     Defendants admit the allegations in the first sentence of paragraph 24.  The allegations in the second, third, and fourth sentences of paragraph 24 are legal conclusions and a quotation of a statute, to which no response is required.  Defendants deny the second, third, and fourth sentences fully and accurately characterize or quote the Medical Device Amendments ("MDA") to the Food, Drug, and Cosmetic Act ("FDCA"), legislative history of those statutes, or Congress's intent in passing them, and on that basis deny them.  Answering the last sentence of paragraph 24, Defendants admit that the FDA regulates Plaintiff, but otherwise lack sufficient information to form a belief as to the truth or falsity of the allegations in this sentence and on that basis deny them.  Except as so stated in this response, Defendants deny the allegations in paragraph 24.

7

### *The Rigorous Premarket Approval Process for Class III Devices*

25.     The allegations in paragraph 25 paraphrase or describe a federal law, the MDA. That law speaks for itself and therefore no response is required.  To the extent a response is required, Defendants deny the allegations fully and accurately characterize or quote the MDA, and on that basis deny them.

26.     The allegations in paragraph 26 paraphrase or describe requirements under a federal law, the MDA.  That law speaks for itself and therefore no response is required.  To the extent a response is required, Defendants deny the allegations fully and accurately characterize or quote the MDA or its implementing regulations, and on that basis deny them.

27.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 27 and on that basis deny them.

### *The Rigorous Process for Changes to Approved Devices*

28.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 28 and on that basis deny them.

29.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 29 and on that basis deny them.

30.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 30 and on that basis deny them.

### *Enforcement of FDA Requirements for Approved Devices*

31.     The allegations in paragraph 31 are legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations fully and accurately characterize or quote federal law, and on that basis deny them.

32.     The allegations in paragraph 32 are legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations fully and accurately characterize or quote federal law, and on that basis deny them.

8

### *St. Jude Has Been Vigilant in Making Product Changes and Updates*

33.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 33 and on that basis deny them.

34.     Answering the allegations in paragraph 34, the FDA guidance issued on January 22, 2016, speaks for itself.  Defendants deny the allegations fully and accurately characterize or quote the FDA guidance, and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 34.

35.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 35 and on that basis deny them.

36.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 36 and on that basis deny them.

37.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 37 and on that basis deny them.

38.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 38 and on that basis deny them.

39.     Answering the allegations in first two sentences of paragraph 39, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations and on that basis deny them.  Dr. Nayak admits the allegations in the last sentence of paragraph 39.  Dr. Nayak lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 39 on that basis denies them.

40.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 40 and on that basis deny them.

41.     Dr. Nayak denies that the allegations in the first two sentences of paragraph 41 fully or accurately describe the *HRS Expert Consensus Statement on remote interrogation and monitoring for cardiovascular implantable electronic devices*, on which the allegations rely and on that basis denies them.   The remaining defendants lack sufficient information to form a belief as to the truth or falsity of those allegations and on that basis deny them.  All defendants lack

9

sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 41 and on that basis deny them.

42.     Defendants deny the allegations in the first sentence of paragraph 42.  Answering the allegations in the second sentence of paragraph 42, Defendants respond they were able to obtain unauthorized access to the Remote Transmitter and make changes to therapeutic settings on patients' devices.  Defendants otherwise deny the allegations in the second sentence of paragraph 42.  Defendants deny the allegations in the third sentence of paragraph 42.  Answering the allegations in the last sentence of paragraph 42, Defendants admit the 2.45 GHz frequency has range limitations but otherwise deny the allegations in that sentence.  Except as so stated in this response, Defendants deny the allegations in paragraph 42.

43.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 43 and on that basis deny them.

## THE SHORT-SALE SCHEME OF MUDDY WATERS AND MEDSEC
### *The Formation of the Scheme and Subsequent Reports*

44.     Answering the allegations in paragraph 44, MedSec admits Ms. Bone became both MedSec entities' CEO in June 2016 and MedSec's research began in early 2014.   The remaining defendants lack sufficient information to form a belief as to the truth or falsity of those two allegations and on that basis deny them.  Muddy Waters further responds that it focused on cybersecurity not to "profit from false and misleading information" but because it believes American companies have not given such issues sufficient attention, despite reports of cyberwarfare and data security breaches, and that the security on St. Jude medical devices is insufficient.  Bone further responds that she joined MedSec to build a cybersecurity company and that MedSec licensed its research around St. Jude technology to Muddy Waters because the security in its products was lacking and because Muddy Waters would help ensure this was addressed.  Except as so stated in this response, Defendants deny the allegations in paragraph 44.

10

45.     Defendant Muddy Waters Capital admits it released the Muddy Waters Report on August 25, 2016.  That report speaks for itself.  Defendant Block admits that on the same day, he was interviewed on Bloomberg TV about the report, which interview speaks for itself. Defendants deny the allegations in paragraph 45 fully and accurately characterize or quote the report or interview and on that basis deny them.  Except as so admitted in this response, Defendants deny the allegations in paragraph 45.

46.     Answering the allegations in paragraph 46, Defendants respond the Muddy Waters Report speaks for itself.  Defendants deny the allegations in paragraph 46 fully and accurately quote or characterize the report and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 46.

47.     Defendants admit that Muddy Waters Capital and both MedSec entities entered an agreement and that funds managed by Muddy Waters Capital short sold St. Jude stock. Defendants further admit the media reported on the Muddy Waters Report.  Except as so admitted, Defendants deny the allegations in paragraph 47.

48.     Defendants admit Ms. Bone appeared on CNBC on August 26, 2016, for an interview regarding MedSec's investigation and the Muddy Waters Report, which interview speaks for itself.   Defendants deny the allegations in paragraph 48 fully and accurately characterize or quote the statements in the interviews or the Muddy Waters Report and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 48.

49.     Dr. Nayak admits the allegations in the first sentence of paragraph 49.  Dr. Nayak further admits he wrote a letter and that letter speaks for itself.  Defendants deny the allegations in paragraph 49 fully and accurately quote or characterize the letter and on that basis deny them. The MedSec entity defendants admit they did not consult with any physicians other than Dr. Nayak before publication of the Muddy Waters Report.  Except as so admitted, Defendants deny the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51.

52.     Answering the allegations in the first sentence of paragraph 52, Defendants admit Plaintiff denied the statements made in the Muddy Waters Report and otherwise deny the allegations.  Answering the allegations in the second sentence of paragraph 52, Defendants respond that the FDA's response to the Muddy Waters Report speaks for itself; defendants deny the allegations in the second sentence of paragraph 52 fully and accurately quote or characterize any statement by the FDA and on that basis deny them.  Answering the allegations in the third sentence of paragraph 52, Dr. Nayak admits he did not retract his letter.  Answering the allegations in the fourth sentence of paragraph 52, Defendants admit that on August 29, Muddy Waters published a second report, entitled "STJ: Still Not Secure," which report speaks for itself. Defendants deny the allegations in the fourth sentence of paragraph 52 full and accurately quote or characterize that report and on that basis deny them.  Except as so admitted in this response, all defendants deny the allegations in paragraph 52.

53.     Answering the allegations in paragraph 53, Defendants respond the reports speak for themselves.  Defendants deny the allegations in paragraph 53 fully and accurately quote or characterize the reports and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 53.

54.     Answering the allegations in paragraph 54, Muddy Waters admits Muddy Waters, LLC posted a video to vimeo.com the same day it published the second report.  Defendants respond that both the video and second report speak for themselves.  Defendants deny the allegations in paragraph 54 fully and accurately quote or characterize the video or report and on that basis deny them.  Except as so admitted, Defendants deny the allegations in paragraph 54.

55.     Defendants admit Muddy Waters, LLC posted the video on vimeo on August 29, 2016, and that the video was based on months of work by MedSec into medical devices, including but not limited to Plaintiff's devices.  Except as so admitted in this response, Defendants deny the allegations in paragraph 55.

*The Scheme Starts to Unravel*

56.     Defendants deny the allegations in paragraph 56 accurately or fully quote or characterize the statements by the University of Michigan researchers and on that basis deny them.  Defendants further respond that the same University of Michigan researchers stated that "we are not saying the report is false," and in another report authored by Virta Labs, that "if [St. Jude's] devices do indeed exhibit the vulnerabilities in the Muddy Waters report, it is important that they take the vulnerabilities seriously and respond promptly and constructively through appropriate channels."

57.     Defendants deny the allegations in paragraph 57.

58.     Answering the allegations in paragraph 58, Defendants respond the University of Michigan statements speak for themselves.  Defendants deny the allegations fully and accurate quote or characterize those statements and on that basis deny them.  Defendants further respond that the same University of Michigan researchers stated that "we are not saying the report is false," and in another report authored by Virta Labs, that "if [St. Jude's] devices do indeed exhibit the vulnerabilities in the Muddy Waters report, it is important that they take the vulnerabilities seriously and respond promptly and constructively through appropriate channels." Defendants otherwise deny the allegations in paragraph 58.

59.     Defendants deny the allegations in the first sentence of paragraph 59.  Answering the allegations in the second and third sentences of paragraph 59, Defendants respond the University of Michigan statements speak for themselves.  Defendants deny the allegations in those sentences fully and accurately quote or characterize the researcher's statements and on that basis deny them.  Defendants further respond that the same University of Michigan researchers stated that "we are not saying the report is false," and in another report authored by Virta Labs, that "if [St. Jude's] devices do indeed exhibit the vulnerabilities in the Muddy Waters report, it is important that they take the vulnerabilities seriously and respond promptly and constructively through appropriate channels."  Defendants otherwise deny the allegations in paragraph 59.

DWT 30446348v9 0105407-000002

60.     Answering the allegations in paragraph 60, Defendants respond the University of Michigan statements, the Muddy Waters reports, and FDA advice speak for themselves. Defendants deny the allegations in paragraph 60 fully and accurately quote or characterize the statements in the sources and on that basis deny them. Defendants otherwise deny the allegations in paragraph 60.

61.     Answering the allegations in the first two sentences of paragraph 61, Defendants deny that their statements about St. Jude's device technology are untrue, misleading and irresponsible. In fact, a security consulting firm, which assembled a team of outside, industry-recognized cybersecurity experts, agrees the St. Jude devices that Defendants tested lack sufficient security precautions. *See* Exhibit A ¶ 17. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in the first two sentences of paragraph 61 and on that basis deny them. Defendants further respond that Plaintiff's published statements speak for themselves. Defendants deny the allegations in paragraph 61 fully and accurately quote or characterize those statements and on that basis deny them. Defendants otherwise deny the allegations in paragraph 61.

62.     MedSec admits the allegations in the second sentence of paragraph 62 and further responds that coordinated disclosure was not warranted in this circumstance. The remaining defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 62 and on that basis deny them. All Defendants deny the remaining allegations in paragraph 62.

63.     Answering the allegations in paragraph 63, Defendants respond the FDA's statements speak for themselves. Defendants deny the allegations in paragraph 63 fully and accurately quote or characterize those statements and on that basis deny them. Defendants otherwise deny the allegations in paragraph 63.

64.     Answering the allegations in paragraph 64, Defendants respond the statements of Virta Labs speak for themselves. Defendants deny the allegations in paragraph 64 fully and accurately quote or characterize those statements and on that basis deny them. Defendants

14

further respond the Virta Labs report says "Are the alleged vulnerabilities real? Inconclusive," and recognizes that "If STJ's devices do indeed exhibit the vulnerabilities alleged in the Muddy Waters report, it is important that they take the vulnerabilities seriously and respond promptly and constructively through appropriate channels." Defendants otherwise deny the allegations in paragraph 64.

### *The False, Misleading, and Defamatory Statements of Defendants*

65.     Defendants deny the allegations in paragraph 65. Defendants further respond that not only did they demonstrate that Plaintiff's devices are vulnerable to battery, crash, and other cybersecurity attacks, but also that an outside and well-recognized cybersecurity firm concluded the Merlin@home units can be manipulated to deliver a shock to a patient, cease therapy altogether, conduct a large-scale attack, rapidly deplete implanted device batteries, and/or disable certain communication functionalities. *See* Exhibit A.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants deny the allegations in paragraph 67.

### *The False Battery Depletion Scare*

68.     Answering the allegations in paragraph 68, Defendants respond the Muddy Waters reports speak for themselves. Defendants deny that the allegations in paragraph 68 fully and accurately quote or characterize the content or statements of those reports and on that basis deny them. Defendants otherwise deny the allegations in paragraph 68.

69.     Defendants deny the allegations in paragraph 69.

70.     Defendants deny the allegations in paragraph 70.

### *The False Device "Crash"*

71.     Answering the allegations in paragraph 71, Defendants respond the Muddy Waters reports and vimeo video speak for themselves. Defendants deny the allegations in paragraph 71 fully and accurately quote or characterize the content or statements of those sources and on that basis deny them. Defendants otherwise deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

73. Answering the allegations in paragraph 73, Defendants respond the Muddy Waters reports and vimeo video speak for themselves. Defendants deny the allegations in paragraph 73 fully and accurately quote or characterize the content or statements of those sources and on that basis deny them. Defendants otherwise deny the allegations in paragraph 73.

74. Answering the allegations in paragraph 74, Defendants respond the statements of Virta Labs speak for themselves. Defendants deny the allegations in paragraph 74 fully and accurately quote or characterize those statements and on that basis deny them. Defendants otherwise deny the allegations in paragraph 74.

75. Defendants deny the allegations of paragraph 75.

### The False Picture of St. Jude's Device and System Security

76. Answering the allegations in paragraph 76, Defendants respond the Muddy Waters reports and vimeo video speak for themselves. Defendants deny the allegations in paragraph 76 fully and accurately quote or characterize the content or statements of those sources and on that basis deny them. Defendants further respond that an outside and well-recognized cybersecurity consulting firm has found that large-scale attacks are not only possible but plausible. *See* Exhibit A. Defendants otherwise deny the allegations in paragraph 76.

77. Answering the allegations in paragraph 77, Defendants respond the public statements of Virta Labs speak for themselves. Defendants deny the allegations in paragraph 77 fully and accurately quote or characterize those statements and on that basis deny them. Defendants otherwise deny the allegations in paragraph 77.

78. Defendants deny the allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79. Defendants further respond that paragraph 79 mischaracterizes the Muddy Waters Report, which says "In MedSec's opinion, the use of off-the-shelf components and the lack of anti-debugging mechanisms made the Merlin@home device significantly easier to reverse engineer and locate numerous

16

vulnerabilities.  The manufacturer left many developmental items on the devices that should not be present, such as scripts that allow debugging and development mode to be turned on."

80.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 80 and on that basis deny them.

81.     Defendants deny the allegations in paragraph 81.

82.     Answering the allegations in paragraph 82, Defendants admit Mr. Block appeared on Bloomberg TV for an interview on August 25, 2016, and that interview and his other public statements speak for themselves.  Defendants deny the allegations in paragraph 82 fully and accurately quote or characterize his statements and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 82.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants deny the allegations in the first two sentences of paragraph 84. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the last sentence of paragraph 84 and on that basis deny them.

85.     Answering the allegations of paragraph 85, Defendants respond the Muddy Waters Report speaks for itself.  Defendants deny the allegations in paragraph 85 fully and accurately quote or characterize the report and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 85.

86.     Answering the first sentence of paragraph 86, Defendants deny the allegations. Answering the paragraphs within paragraph 86, Defendants respond as follows:

      a.     Defendants deny the allegations in paragraph 86.a.

      b.     Defendants deny the allegations in paragraph 86.b.

      c.     Defendants deny the allegations in paragraph 86.c.

      d.     Answering the allegations of paragraph 86.d., Defendants respond Dr. Nayak's letter speaks for itself.  Defendants deny the allegations in this paragraph fully and accurately quote or characterize the statements and on

that basis deny them.  Defendants otherwise deny the allegations in this paragraph.

e.      Defendants deny the allegations in paragraph 86.e.

f.      Answering the allegations in paragraph 86.f., Defendants respond the statements of Dr. Thomas Crawford speak for themselves.  Defendants deny the allegations in paragraph 86.f. fully and accurately quote or characterize those statements and on that basis deny them.  Defendants further respond they lack sufficient information to form a belief as to the truth or falsity of the allegations about Dr. Crawford's title, credentials, or areas of medicine, and on that basis deny them.  Defendants otherwise deny the allegations of paragraph 86.f.

g.      Answering the allegations in paragraph 86.g., Defendants respond that the statements of Dr. Crawford and the FDA speak for themselves.  Defendants deny the allegations in paragraph 86.g. fully and accurately quote or characterize those sources and on that basis deny them.  Defendants otherwise deny the allegations of paragraph 86.g.

h.      Answering the allegations of paragraph 86.h., Defendants respond the Muddy Waters reports speak for themselves.  Defendants deny allegations in paragraph 86.h. fully and accurately quote or characterize statements in those reports and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 86.h.

i.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 86.i and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 86.i.

j.      Defendants admit MedSec did not perform tests with a device implanted in a body.  Defendants deny there is "no credible threat that the device will stop operating and harm the patient due to battery depletion" given

18

Plaintiff's recent disclosure that defects in some batteries may cause rapid depletion and lead to patient death, despite supposed "alert" systems, which Plaintiff has admitted are not a failsafe. *See, e.g.,* http://www.fda.gov/Safety/MedWatch/SafetyInformation/SafetyAlertsfor HumanMedicalProducts/ucm524706.htm. Except as so stated in this response, Defendants deny the allegations in paragraph 86.j.

k. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the third sentence of paragraph 86.k. Defendants otherwise deny the allegations in paragraph 86.k.

87. Defendants admit Ms. Bone appeared on CNBC on August 26, 2016. They further respond the interview speaks for itself. Defendants deny the allegations in paragraph 87 fully and accurately quote or characterize statements in those reports and on that basis deny them. Defendants otherwise deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. Answering the allegations in paragraph 89, Defendants respond Ms. Bone's interview on CNBC and the Muddy Water reports speak for themselves. Defendants deny the allegations in paragraph 89 fully and accurately quote or characterize statements from those sources and on that basis deny them.

90. Defendants deny the allegations in paragraph 90 and respond to the paragraphs within paragraph 90 as follows:

a. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 90.a, and on that basis deny them.

b. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 90.b and on that basis, deny them.

c. Defendants deny the allegations in paragraph 90.c.

91. Defendants admit that on August 29, 2016, Muddy Waters, LLC published a second report. Defendants further respond the second report speaks for itself. Defendants deny

DWT 30446348v9 0105407-000002

the allegations in paragraph 91 fully and accurately quote or characterize the second report and on that basis deny them.  Except as so admitted in this response, Defendants deny the allegations in paragraph 91.

92.     Defendants deny the allegations in paragraph 92.

93.     Defendants deny the allegations in paragraph 93.

## COUNT I – DEFAMATION

### *Defamation By Implication*

94.     Paragraph 94 makes no allegations, so no response is required.  To the extent a response is required, Defendants incorporate by reference their responses to paragraphs 1 through 93 as if fully stated here.

95.     Defendants deny the allegations in paragraph 95.

96.     Defendants deny the allegations in paragraph 96.

97.     Defendants deny the allegations in paragraph 97.

98.     Defendants deny the allegations in paragraph 98.

99.     Defendants deny the allegations in paragraph 99.

### *Defamation*

100.    Defendants deny the allegations in paragraph 100.

101.    Defendants deny the allegations in paragraph 101.

102.    Defendants deny the allegations in paragraph 102.

## COUNT II – LANHAM ACT – 15 U.S.C. § 1125

103.    Paragraph 103 makes no allegations, so no response is required.  To the extent a response is required, Defendants incorporate by reference their responses to paragraphs 1 through 102 as if fully stated here.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants deny the allegations in paragraph 105.

20

106.     Defendants deny the allegations in paragraph 106.

107.     Defendants deny the allegations in paragraph 107.

108.     Defendants deny the allegations in paragraph 108.

109.     Defendants deny the allegations in paragraph 109.

**COUNT III - DECEPTIVE TRADE PRACTICES ACT – MINN. STAT. § 325D.44**

110.     Paragraph 110 makes no allegations, so no response is required.  To the extent a response is required, Defendants incorporate by reference their responses to paragraphs 1 through 109 as if fully stated here.

111.     Defendants deny the allegations in paragraph 111.

112.     Defendants deny the allegations in paragraph 112.

113.     Defendants deny the allegations in paragraph 113.

**COUNT IV – CIVIL CONSPIRACY**

114.     Paragraph 114 makes no allegations, so no response is required.  To the extent a response is required, Defendants incorporate by reference their responses to paragraphs 1 through 113 as if fully stated here.

115.     Defendants deny the allegations in paragraph 115.

116.     Defendants deny the allegations in paragraph 116.

117.     Defendants deny the allegations in paragraph 117.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief.

**DEFENSES**

Defendants assert the following defenses and reserve the right to assert additional defenses as this case proceeds.  Defendants do not concede they bear the burden of proof as to any of these defenses, and do not waive any argument that Plaintiff bears the burden of proof.

118.     Plaintiff's allegations fail to state any claim upon which relief can be granted.

DWT 30446348v9 0105407-000002

119.    Plaintiff's claims are barred in whole or in part because Defendants' statements are privileged.

120.    Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages.

121.    Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, estoppel, and/or consent.

122.    This Court lacks personal jurisdiction over Defendants.

123.    Venue is improper in this Court.

124.    The statements the Complaint attributes to Defendants, if made, are true or substantially true, and Plaintiff therefore cannot carry its burden of proving that the statements are false.  *See, e.g.,* Exhibit A.

125.    The First Amendment of the United States Constitution and the protections for free expression in the applicable state constitution bar Plaintiff's claims in whole or in part.

126.    The incremental harm doctrine also bars Plaintiff's claims in whole or in part.

127.    Plaintiff's request for injunctive relief fails because, *inter alia*, any such injunction would be an unconstitutional prior restraint prohibiting speech on matters of public concern, which is at the heart of the First Amendment's protections, and also would undermine the public interest by enabling Plaintiff to continue marketing products with significant security vulnerabilities, as detailed in the Muddy Waters reports and confirmed by the Bishop Fox analysis, *see* Exhibit A.  Thus, any such injunction, by silencing Defendants, endangers the lives and risks the health of thousands of unsuspecting consumers.

128.    Plaintiff's damages, if any, must be eliminated or reduced to the extent of its own contributory fault. *See, e.g.,* Exhibit A.

### **DEFENDANTS' DEMAND FOR RELIEF**

Defendants request that the Court take the following action:

129.    Enter judgment in favor of Defendants and dismiss Plaintiff's claims with prejudice;

130.    Award such other relief as is just and proper.


Dated: October 24, 2016                **GREENE ESPEL PLLP**

                                        */s/ John M. Baker*
                                        John M. Baker, Reg. No. 174403
                                        Lawrence M. Shapiro, P.A., Reg. No. 130886
                                        Anna M. Tobin, Reg. No. 395706
                                        222 S. Ninth Street, Suite 2200
                                        Minneapolis, MN  55402
                                        jbaker@greeneespel.com
                                        lshapiro@greeneespel.com
                                        atobin@greeneespel.com
                                        (612) 373-0830


                                        **DAVIS WRIGHT TREMAINE LLP**

                                        Bruce E.H. Johnson (pro hac vice application filed
                                        concurrently)
                                        Ambika K. Doran (pro hac vice application filed
                                        concurrently)
                                        Rebecca Francis (pro hac vice application filed
                                        concurrently)
                                        1201 Third Avenue, Suite 2200
                                        Seattle, WA  98040
                                        brucejohnson@dwt.com
                                        ambikadoran@dwt.com
                                        rebeccafrancis@dwt.com
                                        (206) 757-8030

                                        Attorneys for Defendants